IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Walter T. Godbey, # 45377-083, | ) | CIVIL ACTION NO. 9:14-3736-JMC-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden FCI Williamsburg, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

      This action has been filed by the Petitioner, pro se. Petitioner is a federal inmate housed at FCI Williamsburg, and seeks a writ of mandamus that a disciplinary charge be expunged from his record and that good time credits be restored to him.

      The Respondent filed a motion to dismiss or in the alternative for summary judgment on March 30, 2015, asserting therein that the Petition should be denied on the grounds of mootness because Petitioner has received the relief sought, in as much as his twenty-seven (27) days of good time credit has been restored. See Respondent's Exhibit 2. As the Petitioner is proceeding pro se, a Roseboro Order was enter by the Court on March 31, 2015, advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response. Petitioner thereafter filed a motion to withdraw and for non-suit, in which he confirms that his twenty-seven (27) days of good time credits have been restored and the incident report related to his claim has been



expunged.[1]

Based on the foregoing, it is recommended that the Petitioner's motion to withdraw be **granted**, and that this case be **dismissed**, with prejudice. If the Court adopts this recommendation, the Respondent's pending motion to dismiss and/or for summary judgment will be **moot**.

The parties are also referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 21, 2015
Charleston, South Carolina

---

[1] Petitioner does seek a separate order from this Court prohibiting any further "retaliation" or "harassment" against him. However, if Petitioner believes at some point in the future that improper or unconstitutional actions are being taken against him, his remedy would be to file a new lawsuit involving any such claim, after he has exhausted whatever administrative remedies may be available to him at the prison.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

