**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| Walter T. Godbey, # 45377-083, ) | | |
| ) | Civil Action No. 9:14-cv-03736-JMC | |
| Petitioner, ) | | |
| ) | | |
| v. ) | **ORDER** | |
| ) | | |
| Warden FCI Williamsburg, ) | | |
| ) | | |
| Respondent. ) | | |

 Petitioner Walter T. Godbey ("Petitioner"), a self-represented federal inmate, brought this action seeking relief under a writ of mandamus that a disciplinary charge be expunged from his record and that he receive good time credit. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 26), filed on April 21, 2015, recommending that Petitioner's Motion to Withdraw (ECF No. 25) be granted. The Report sets forth in detail the relevant facts and legal standards on this matter which the court incorporates herein without a recitation.

 The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the recommendation of the [M]agistrate [J]udge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Petitioner was advised of his right to file objections to the Report. (ECF No. 26 at 3.) However, Petitioner filed no objections to the Report. In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Therefore, after a thorough and careful review of the Report and the record in this case, the court finds that the Report provides an accurate summary of the facts and the law. The court **ACCEPTS** the Report and Recommendation (ECF No. 26). For the reasons articulated by the Magistrate Judge, it is therefore **ORDERED** that Petitioner's Motion to Withdraw (ECF No. 25) is **GRANTED** and this case is properly **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 12, 2015
Columbia, South Carolina